**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiffs, MATT DANIEL FINAZZO AND JANET LOUISE FINAZZO*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**MATT DANIEL FINAZZO AND JANET LOUISE FINAZZO, on behalf of themselves and all others similarly situated,**

Plaintiffs,

vs.

**DIAMOND RESORTS INTERNATIONAL CLUB, INC.**

Defendant.

**Case No.:**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**

1. **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17500, *ET SEQ*,**
2. **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ*.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. MATT DANIEL FINAZZO AND JANET LOUISE FINAZZO ("Plaintiffs"), by Plaintiffs' attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions DIAMOND RESORTS INTERNATIONAL CLUB, INC. ("Defendant") with regard to Defendant's misleading business practices, including the practice of making and advertising false promises and

statements with regards to its timeshare contracts that it had no intention of honoring, that caused Plaintiff and other consumers damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to a Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of the State of California, seeks relief on behalf of a Nationwide class, which will result in at least one class member belonging to a different state than that of Defendant, a company whose principal place of business is in the State of Nevada and is incorporated in the State of Nevada. In addition, the matter in controversy exceeds $5,000,000 exclusive of interest of costs. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the

events giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiffs are both individuals who reside in the State of California and are each a "person" and "consumer" as defined by Cal. Bus. & Prof. Code § 17201.
9. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company whose State of Incorporation is in Nevada and whose principal place of business is in the State of Nevada.
10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a worldwide company that promotes and sells timeshare contracts.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiffs are individuals residing within the State of California, County of Riverside.
12. Defendant is a leader in the vacation ownership industry, and sells timeshare contracts to consumers.
13. In or around April 2014, Plaintiffs attended what they were told was to be an "Owner's Update" meeting in Riverside, California. However, this "Owner's Update" was actually a sales presentation by Defendant.
14. During this presentation, Defendant's agents Mark Patron and Denise Lorona represented to Plaintiffs and all other consumers present the following:
    a. The timeshare offered by Defendant was an investment opportunity;
    b. It was tax deductible;
    c. It may be sold at a profit;
    d. It may be rented to pay maintenance fees or to make additional income;
    e. Any financial institution would refinance at a lower rate; and
    f. Sales agents present at the time would be Plaintiffs' personal representatives who would help Plaintiffs rent the timeshare.
15. The meeting included other high intensity sales tactics to induce Plaintiffs to enter into a timeshare contract, including misrepresenting length of time of the

presentation.

16. Defendant failed to inform Plaintiffs of their right to cancel.

17. Defendant failed to inform Plaintiffs of the full extent of the debt they were incurring.

18. The terms contained within the timeshare contract are completely different from the terms offered and promised during the timeshare presentation.

19. Defendant pressured Plaintiffs into giving up their Monarch timeshare in exchange for a "Life Vacations" timeshare.

20. Defendant mislead Plaintiffs as to how much time they have on their timeshare and when they can use that time.

21. Shortly after the purchase, Defendant told Plaintiffs that because they did not sign the Truth in Lending documents, their purchase was void.

22. Plaintiffs relied on the aforementioned representations.

23. Because of Defendant's misrepresentations of the nature of the interaction, Plaintiffs lost approximately $20,000 by giving up their investment in their Monarch timeshare. That is, Plaintiffs paid Defendant approximately $20,000 in valuable consideration which included their Monarch timeshare, exclusive of tax or maintenance fees.

24. Shortly after being pressured into the deal, Plaintiffs expressed to Defendant a desire to cancel the contract before incurring further damages, at which time Defendant, directly or through its agents, told Plaintiff that since they did not sign the Truth in Lending documentation pursuant to *15 U.S.C. §§ 1601-1667f* ("TILA"), their transaction with Defendant would be void and they would not incur further charges on the contract.

25. However, despite representations made regarding Defendants failure to satisfy TILA requirements and their allegation that said failure would void the contract, Defendants continued to bill Plaintiffs upwards of $26,000.

26. Plaintiffs allege, on information and belief, that Defendant's representations

and advertisements during its timeshare presentations were propagated, controlled, and/or profited from by Defendant, and that Defendant was materially involved in their dissemination to the public.

27. Plaintiff alleges, on information and belief, that it is Defendant's common practice to make these false representations and advertisements to consumers as part of Defendant's "hard sell" tactics to convince consumers to enter into timeshare contracts.

28. Plaintiff alleges, on information and belief, that Defendant's false advertising causes significant and continuing harm to consumers who are pressured into giving up their current investments in exchange for inferior ones.

## CLASS ALLEGATIONS

29. Plaintiffs brings this action on behalf of themselves, and on behalf of all others similarly situated ("The Class").

30. Plaintiffs represent, and are members of the following Class, defined as follows:

> All persons in California that entered into a timeshare contract with Defendant after Defendant failed to satisfy TILA requirements and/or made misrepresentations as to the nature of its timeshares.
> .

31. Plaintiffs do not know the exact number of persons in the Class, but believes them to be in the hundreds, if not thousands, making joinder of all these actions impracticable.

32. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to the Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant's practices are "unfair" as defined by California

Business and Professions Code § 17200;

b. Whether Defendant's practices are "illegal" as defined by California Business and Professions Code § 17200;

c. Whether Defendant's practices are "fraudulent" as defined by California Business and Professions Code § 17200;

d. Whether such practices violate California Business and Professions Code § 17200;

e. Whether Defendant violated California Bus. & Prof. Code § 17500, et seq.

f. Whether Plaintiffs and the Class are entitled to restitution under Cal. Bus. & Prof. Code §§ 17200-17203;

g. Whether Plaintiff and Class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535, and,

h. The proper formula(s) for calculating and/or restitution owed to Class members.

i. Whether members of the Class are entitled to statutory damages;

j. Whether members of the Class are entitled to declaratory relief; and,

k. Whether members of the Class are entitled to injunctive relief.

34. Plaintiffs will fairly and adequately protect the interest of the Class.

35. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

36. Plaintiffs' claims are typical of the claims of the Class which all arise from the same operative facts involving Defendant's practices.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.

38. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

39. The Classes members are unlikely to prosecute such claims on an individual basis since the individual damages are small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Plaintiffs and the Class seek injunctive relief against Defendant to prevent Defendant from inducing consumers to enter into timeshare contracts with terms it has no intention of honoring.

41. Defendant has acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the class as a whole.

42. Members of The Class are likely to unaware of their rights.

43. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

44. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

45.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING ACT

(Cal. Bus. & Prof. Code §§ 17500 et seq.)

On Behalf of the Class

46. Plaintiff incorporates by reference each allegation set forth above.

47. Pursuant to California Business and Professions Code section 17500, et seq., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

48. Defendant misled consumers by making misrepresentations and untrue statements about the effect of TILA and the nature of "Owners Updates" events. Defendant failed to disclose to consumers, at the time of the signing of the

timeshare contracts, that Defendant would make no effort to void the contracts when Defendants failed to satisfy TILA requirements. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class Members into entering contracts that they would not have assented to but for Defendant's nefariousness.

49. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiffs reasonably relied upon Defendant's representations regarding the nature of the "Owners Update" and the TILA requirements. In reasonable reliance on Defendant's misrepresentations, Plaintiffs and Class Members attended what they thought were mere "Owners Updates" when they were in fact sales presentations where they were pressured into making purchases. In turn, Plaintiffs and Class Members entered contracts for timeshares when they had no desire to make such purchases. Furthermore, after reasonably relying on Defendant's advertisements and misrepresentations with respect to TILA, Plaintiffs and Class Members entered into contracts for timeshares that they would not have entered into otherwise. Thus, Plaintiffs and Class Members suffered injury in fact.

50. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members of Defendant's revenues associated with their false

advertising, or such portion of those revenues as the Court may find equitable.

SECOND CAUSE OF ACTION

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

On Behalf of the Class

51. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair, or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

53. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

54. In order to satisfy the "unfair" prong of the UCL, a consumer must show that

the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

55. Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and Class Members have suffered injury in fact due to Defendant's unilateral decision to not void contracts upon Defendant's failure to provide proper TILA documentation. Plaintiffs and Class Members have further suffered injury by being lured into sales presentations. Thus, Defendant's conduct has caused substantial injury to Plaintiff and Class Members.

56. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Many of the consumers deceived by Defendant already owned timeshares without desire to change, and the deceptive sales tactics used by Defendants tricked consumers into attending high-pressure sales environments where consumers would be pressured into giving up their current timeshares in exchange for more expensive ones. Furthermore, Defendant convinced Plaintiffs and Class Members that the Defendant's timeshare would be void without TILA requirements. Thus, the injury suffered by Plaintiffs and Class Members is not outweighed by any countervailing benefits to consumers.

57. The injury suffered by Plaintiffs and Class Members is not an injury that these consumers could reasonably have avoided. Plaintiff and Class Members could not have known that they were attending sales presentations, nor could they have known that Defendant would neither comply with TILA nor void contracts in the event they fail compliance with TILA. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Sub-Class members to enter into long term binding timeshare contracts. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

58. Defendant failed to disclose to Plaintiffs or other consumers that Defendant would not void transactions upon failure to satisfy TILA, nor did Defendants disclose the true nature of "Owner Updates".

59. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

60. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

61. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

62. Here, not only were Plaintiffs and Class Members likely to be deceived, but these consumers were actually deceived by Defendant. Deception is evinced by the fact that Plaintiffs and Class Members were already timeshare owners and displayed no interest in attending sales presentations. Furthermore, Plaintiffs and Class Members reasonably believed their contracts would be invalid unless Defendant satisfied TILA based on Defendant's representations as such.

63. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

64. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

65. Defendant used false advertising, marketing, and misrepresentations, and otherwise unlawfully induce Plaintiffs and Class Members to enter into

timeshare contracts. Had Defendant not falsely advertised, marketed or misrepresented its timeshare contracts, Plaintiffs and Class Members would not have purchased the Class Products, or would have purchased an alternative and appropriate product that did not deceive Plaintiffs or Class Members. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and The Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Restitution of the funds improperly obtained by Defendant;
- Any and all statutory enhanced damages;
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- For equitable and injunctive and pursuant to the California Business and Professions Code § 17203; and,
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated: October 27, 2016

**Law Offices of Todd M. Friedman**

By: /s/ Todd M. Friedman
**Todd M. Friedman, Esq.**
Attorneys for Plaintiffs