**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiffs, MATT DANIEL FINAZZO AND JANET LOUISE FINAZZO*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATT DANIEL FINAZZO AND JANET LOUISE FINAZZO, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DIAMOND RESORTS INTERNATIONAL CLUB, INC.**<br><br>Defendant. | **Case No.: 5:16-cv-02256-VAP-KK**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>1. **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17500, *ET SEQ*,**<br>2. **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***<br>3. **CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. C. § 1750 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.    MATT DANIEL FINAZZO AND JANET LOUISE FINAZZO ("Plaintiffs"), by Plaintiffs' attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions DIAMOND RESORTS INTERNATIONAL CLUB, INC. ("Defendant") with regard to Defendant's misleading business

practices, including the practice of making and advertising false promises and statements with regards to its timeshare contracts that it had no intention of honoring, that caused Plaintiff and other consumers damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to a Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of the State of California, seeks relief on behalf of a Nationwide class, which will result in at least one class member belonging to a different state than that of Defendant, a company whose principal place of business is in the State of Nevada and is incorporated in the State of Nevada.  In addition, the matter in controversy exceeds $5,000,000 exclusive of interest of costs.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are

sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiffs are both individuals who reside in the State of California and are each a "person" and "consumer" as defined by Cal. Bus. & Prof. Code § 17201.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company whose State of Incorporation is in Nevada and whose principal place of business is in the State of Nevada.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a worldwide company that promotes and sells timeshare contracts.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiffs are individuals residing within the State of California, County of Riverside.

12. Defendant is a leader in the vacation ownership industry, and sells timeshare contracts to consumers.

13. In or around April 2014, Plaintiffs attended what they were told was to be an "Owner's Update" meeting in Riverside, California. However, this "Owner's Update" was actually a sales presentation by Defendant.

14. During this presentation, Defendant's agents Mark Patron and Denise Lorona represented to Plaintiffs and all other consumers present the following:

   a. The timeshare offered by Defendant was an investment opportunity;

   b. It was tax deductible;

   c. It may be sold at a profit;

   d. It may be rented to pay maintenance fees or to make additional income;

   e. Any financial institution would refinance at a lower rate; and

   f. Sales agents present at the time would be Plaintiffs' personal representatives who would help Plaintiffs rent the timeshare.

15. The meeting included other high intensity sales tactics to induce Plaintiffs to

enter into a timeshare contract, including misrepresenting length of time of the presentation.

16. Defendant failed to inform Plaintiffs of their right to cancel.

17. Defendant failed to inform Plaintiffs of the full extent of the debt they were incurring.

18. The terms contained within the timeshare contract are completely different from the terms offered and promised during the timeshare presentation.

19. Defendant pressured Plaintiffs into giving up their Monarch timeshare in exchange for a "Life Vacations" timeshare.

20. Defendant mislead Plaintiffs as to how much time they have on their timeshare and when they can use that time.

21. Shortly after the purchase, Defendant told Plaintiffs that because they did not sign the Truth in Lending documents, their purchase was void.

22. Plaintiffs relied on the aforementioned representations.

23. Because of Defendant's misrepresentations of the nature of the interaction, Plaintiffs lost approximately $20,000 by giving up their investment in their Monarch timeshare. That is, Plaintiffs paid Defendant approximately $20,000 in valuable consideration which included their Monarch timeshare, exclusive of tax or maintenance fees.

24. Shortly after being pressured into the deal, Plaintiffs expressed to Defendant a desire to cancel the contract before incurring further damages, at which time Defendant, directly or through its agents, told Plaintiff that since they did not sign the Truth in Lending documentation pursuant to *15 U.S.C. §§ 1601-1667f* ("TILA"), their transaction with Defendant would be void and they would not incur further charges on the contract.

25. However, despite representations made regarding Defendants failure to satisfy TILA requirements and their allegation that said failure would void the contract, Defendants continued to bill Plaintiffs upwards of $26,000.

26. Plaintiffs allege, on information and belief, that Defendant's representations and advertisements during its timeshare presentations were propagated, controlled, and/or profited from by Defendant, and that Defendant was materially involved in their dissemination to the public.

27. Plaintiff alleges, on information and belief, that it is Defendant's common practice to make these false representations and advertisements to consumers as part of Defendant's "hard sell" tactics to convince consumers to enter into timeshare contracts.

28. Plaintiff alleges, on information and belief, that Defendant's false advertising causes significant and continuing harm to consumers who are pressured into giving up their current investments in exchange for inferior ones.

## CLASS ALLEGATIONS

29. Plaintiffs brings this action on behalf of themselves, and on behalf of all others similarly situated ("The Class").

30. Plaintiffs represent, and are members of the following Class, defined as follows:

> All persons in California that entered into a timeshare contract with Defendant after Defendant failed to satisfy TILA requirements and/or made misrepresentations as to the nature of its timeshares.
> .

31. Plaintiffs do not know the exact number of persons in the Class, but believes them to be in the hundreds, if not thousands, making joinder of all these actions impracticable.

32. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class.  The questions of law and fact common to the Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendant's practices are "unfair" as defined by California Business and Professions Code § 17200;

b. Whether Defendant's practices are "illegal" as defined by California Business and Professions Code § 17200;

c. Whether Defendant's practices are "fraudulent" as defined by California Business and Professions Code § 17200;

d. Whether such practices violate California Business and Professions Code § 17200;

e. Whether Defendant violated California Bus. & Prof. Code § 17500, et seq.

f. Whether Plaintiffs and the Class are entitled to restitution under Cal. Bus. & Prof. Code §§ 17200-17203;

g. Whether Plaintiff and Class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535, and,

h. The proper formula(s) for calculating and/or restitution owed to Class members.

i. Whether members of the Class are entitled to statutory damages;

j. Whether members of the Class are entitled to declaratory relief; and,

k. Whether members of the Class are entitled to injunctive relief.

34. Plaintiffs will fairly and adequately protect the interest of the Class.

35. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

36. Plaintiffs' claims are typical of the claims of the Class which all arise from the same operative facts involving Defendant's practices.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.

38. Class-wide damages are essential to induce Defendant to comply with the

1   federal and State laws alleged in the Complaint.

2   39. The Classes members are unlikely to prosecute such claims on an individual

3   basis since the individual damages are small.  Management of these claims is

4   likely to present significantly fewer difficulties than those presented in many

5   class claims.

6   40. Plaintiffs and the Class seek injunctive relief against Defendant to prevent

7   Defendant from inducing consumers to enter into timeshare contracts with

8   terms it has no intention of honoring.

9   41. Defendant has acted on grounds generally applicable to the Class thereby

10   making appropriate final declaratory relief with respect to the class as a whole.

11   42. Members of The Class are likely to unaware of their rights.

12   43. Plaintiff contemplates providing notice to the putative class members by direct

13   mail in the form of a postcard and via publication.

14   44. Plaintiffs request certification of a hybrid class combining the elements of Fed.

15   R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for

16   equitable relief.

17   45.

18   FIRST CAUSE OF ACTION

19   VIOLATION OF THE CALIFORNIA FALSE ADVERTISING ACT

20   (Cal. Bus. & Prof. Code §§ 17500 et seq.)

21   On Behalf of the Class

22   46. Plaintiff incorporates by reference each allegation set forth above.

23   47. Pursuant to California Business and Professions Code section 17500, et seq., it

24   is unlawful to engage in advertising "which is untrue or misleading, and which

25   is known, or which by the exercise of reasonable care should be known, to be

26   untrue or misleading."

27   48. Defendant misled consumers by making misrepresentations and untrue

28   statements about the effect of TILA and the nature of "Owners Updates" events.

Defendant failed to disclose to consumers, at the time of the signing of the timeshare contracts, that Defendant would make no effort to void the contracts when Defendants failed to satisfy TILA requirements. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class Members into entering contracts that they would not have assented to but for Defendant's nefariousness.

49. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiffs reasonably relied upon Defendant's representations regarding the nature of the "Owners Update" and the TILA requirements. In reasonable reliance on Defendant's misrepresentations, Plaintiffs and Class Members attended what they thought were mere "Owners Updates" when they were in fact sales presentations where they were pressured into making purchases. In turn, Plaintiffs and Class Members entered contracts for timeshares when they had no desire to make such purchases. Furthermore, after reasonably relying on Defendant's advertisements and misrepresentations with respect to TILA, Plaintiffs and Class Members entered into contracts for timeshares that they would not have entered into otherwise. Thus, Plaintiffs and Class Members suffered injury in fact.

50. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs

1   and all Class Members of Defendant's revenues associated with their false

2   advertising, or such portion of those revenues as the Court may find equitable.

3   SECOND CAUSE OF ACTION

4   **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

5   On Behalf of the Class

6   51.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint

7          as though fully stated herein.

8   52.   Actions for relief under the unfair competition law may be based on any

9          business act or practice that is within the broad definition of the UCL.  Such

10         violations of the UCL occur as a result of unlawful, unfair, or fraudulent

11         business acts and practices.  A plaintiff is required to provide evidence of a

12         causal connection between a defendant's business practices and the alleged

13         harm--that is, evidence that the defendant's conduct caused or was likely to

14         cause substantial injury. It is insufficient for a plaintiff to show merely that the

15         defendant's conduct created a risk of harm.  Furthermore, the "act or practice"

16         aspect of the statutory definition of unfair competition covers any single act of

17         misconduct, as well as ongoing misconduct.

**UNFAIR**

18  53.   California Business & Professions Code § 17200 prohibits any "unfair ...

19         business act or practice."  Defendant's acts, omissions, misrepresentations, and

20         practices as alleged herein also constitute "unfair" business acts and practices

21         within the meaning of the UCL in that its conduct is substantially injurious to

22         consumers, offends public policy, and is immoral, unethical, oppressive, and

23         unscrupulous as the gravity of the conduct outweighs any alleged benefits

24         attributable to such conduct.  There were reasonably available alternatives to

25         further Defendant's legitimate business interests, other than the conduct

26         described herein.  Plaintiffs reserve the right to allege further conduct which

27         constitutes other unfair business acts or practices.  Such conduct is ongoing and

28         continues to this date.

54. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

55. Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and Class Members have suffered injury in fact due to Defendant's unilateral decision to not void contracts upon Defendant's failure to provide proper TILA documentation. Plaintiffs and Class Members have further suffered injury by being lured into sales presentations. Thus, Defendant's conduct has caused substantial injury to Plaintiff and Class Members.

56. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Many of the consumers deceived by Defendant already owned timeshares without desire to change, and the deceptive sales tactics used by Defendants tricked consumers into attending high-pressure sales environments where consumers would be pressured into giving up their current timeshares in exchange for more expensive ones. Furthermore, Defendant convinced Plaintiffs and Class Members that the Defendant's timeshare would be void without TILA requirements. Thus, the injury suffered by Plaintiffs and Class Members is not outweighed by any countervailing benefits to consumers.

57. The injury suffered by Plaintiffs and Class Members is not an injury that these consumers could reasonably have avoided. Plaintiff and Class Members could not have known that they were attending sales presentations, nor could they have known that Defendant would neither comply with TILA nor void contracts in the event they fail compliance with TILA. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Sub-Class members to enter into long term binding timeshare contracts. Therefore, the injury suffered by Plaintiffs and members of the Class

1    is not an injury which these consumers could reasonably have avoided.

2    58. Defendant failed to disclose to Plaintiffs or other consumers that Defendant
3        would not void transactions upon failure to satisfy TILA, nor did Defendants
4        disclose the true nature of "Owner Updates".

5    59. Thus, Defendant's conduct has violated the "unfair" prong of California
6        Business & Professions Code § 17200.

7                                    **FRAUDULENT**

8    60. California Business & Professions Code § 17200 prohibits any "fraudulent ...
         business act or practice."  In order to prevail under the "fraudulent" prong of
9        the UCL, a consumer must allege that the fraudulent business practice was
10       likely to deceive members of the public.

11   61. The test for "fraud" as contemplated by California Business and Professions
12       Code § 17200 is whether the public is likely to be deceived.  Unlike common
13       law fraud, a § 17200 violation can be established even if no one was actually
14       deceived, relied upon the fraudulent practice, or sustained any damage.

15   62. Here, not only were Plaintiffs and Class Members likely to be deceived, but
16       these consumers were actually deceived by Defendant.  Deception is evinced
17       by the fact that Plaintiffs and Class Members were already timeshare owners
18       and displayed no interest in attending sales presentations. Furthermore,
19       Plaintiffs and Class Members reasonably believed their contracts would be
20       invalid unless Defendant satisfied TILA based on Defendant's representations
21       as such.

22   63. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to
23       the unequal bargaining powers of Defendant and Plaintiffs. For the same reason,
24       it is likely that Defendant's fraudulent business practice would deceive other
25       members of the public.

26   64. Thus, Defendant's conduct has violated the "fraudulent" prong of California
27       Business & Professions Code § 17200.

28   65. Defendant used false advertising, marketing, and misrepresentations, and

otherwise unlawfully induce Plaintiffs and Class Members to enter into timeshare contracts.   Had Defendant not falsely advertised, marketed or misrepresented its timeshare contracts, Plaintiffs and Class Members would not have purchased the Class Products, or would have purchased an alternative and appropriate product that did not deceive Plaintiffs or Class Members. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members.

THIRD CAUSE OF ACTION

**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

(Cal. Civ. C. § 1750 et. seq.)

<u>On Behalf of Themselves, Individually</u>

66. Plaintiff incorporates by reference each allegation set forth above.

67. This cause of action is brought pursuant to the Consumers Legal Remedies Act, *California Civil Code § 1750 et seq.* ("CLRA").

68. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes. The self-declared purposes of the act are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

69. The Defendant named herein is a "person" as defined by *Cal. Civ. C. § 1761(c)* because it is a corporation and/or company as set forth above.

70. Plaintiffs are each a "consumer" within the meaning of *Cal. Civ. C. § 1761(d)* because he and she each are an individual who purchased the services at issue in this complaint for personal and/or household use.

71. The Timeshare Agreement is a "good" within the meaning of *Cal. Civ. C. § 1761(a)* in that it was a tangible products leased by Plaintiffs for personal, family, and/or household use.

72. Plaintiffs' payments for the goods of the Timeshare Agreement is a

"transaction" as defined by *Civil Code § 1761(e)* because Defendant entered into an agreement to sell the product in exchange for Plaintiffs' monetary compensation.

73. Plaintiffs have standing to pursue this claim as both have suffered injury in fact and have lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiffs were induced to enter into a Timeshare Agreement with Defendant. Had Defendant not falsely marketed, advertised or represented the Timeshare Agreement, Plaintiffs would not have entered into the Timeshare Agreement, and would have found an agreement with accurate and acceptable terms under less coercive circumstances.

74. *§ 1770(a)(9)* of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised." Defendant falsely advertised and marketed the Timeshare Agreement as inclusive of all terms when in fact they sold, and intended to sell a Timeshare Agreement which had significantly different terms.

75. *§ 1770(a)(14)* of the CLRA prohibits anyone from "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve…." Defendant's acts and practices constitute misrepresentations regarding the rights, remedies, or obligations of the Timeshare Agreement, namely, that the agreement's validity would be subject to TILA.

76. Pursuant to *§ 1782* of the CRLA, Plaintiff notified Defendant in writing by U.S. mail on October 27, 2016, attached heretofore as *Exhibit A*, of the particular violations of sections of the CLRA and demanded that Defendant rectify the problems associated with the behavior detailed above, which acts and practices are in violation of *Cal. Civ. C. § 1770*.

77. Defendant has failed to adequately respond to Plaintiff's above-described demands pursuant to *Cal. Civ. C. § 1782*.

78. Plaintiffs have filed concurrently herewith the declaration of venue required by

*Cal. Civ. C. § 1780(d).*

79. Plaintiffs seek an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper. Plaintiffs additionally seek damages, restitutionary relief, punitive damages, attorneys' fees and costs, and any other relief available under section 1780(a) of the CRLA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and The Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Restitution of the funds improperly obtained by Defendant;
- Any and all statutory enhanced damages;
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- For equitable and injunctive and pursuant to the California Business and Professions Code § 17203; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated**:** January 11, 2017

### Law Offices of Todd M. Friedman

By:  /s/ Todd M. Friedman
**Todd M. Friedman, Esq.**
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13                                    EXHIBIT A
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Law Offices of Todd M. Friedman, P.C.

**Attorneys for Consumers**
**21550 Oxnard St. Suite 780,**
**Woodland Hills, CA 91367**
877-206-4741 Toll Free
866-633-0228 Facsimile
California Office
www.ToddFLaw.com

E-mail: TFriedman@toddflaw.com

Writer licensed in:
California
PENNSYLVANIA
ILLINOIS

October 27, 2016

**Via U.S. Certified Mail to:**
**Diamond Resorts International**
**10600 W. Charleston Blvd.**
**Las Vegas, NV 89135**

### Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)

**Re:** *Matt Daniel Finazzo and Janet Louise Finazzo v. Diamond Resorts International, Inc.*

To Whom It May Concern:

Please be advised that our office represents Matt Daniel Finazzo and Janet Louise Finazzo ("Plaintiffs") in pursuing legal claims against Diamond Resorts International, Inc. ("Diamond" or "Defendant") for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 et. seq. ("Unfair Competition Law" or "UCL") and §17500 et. seq. ("False Advertising Law" or "FAL").

Having been formally notified of our representation, we respectfully demand you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendant's violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

1

## Facts

Prior to the events that gave rise to Plaintiffs' grievance, Plaintiffs had a Monarch Timeshare, and they were happy with it. However, in or around April 2014, Plaintiffs attended what Defendant represented to be a brief "Owners  Update" meeting in Riverside, California where Defendant's convinced Plaintiffs to give up their Monarch Timeshare for Defendant's "Life Vacations" timeshare (hereinafter, "the Timeshare"). In reality, the brief "Owners Update" was in fact an hours-long high pressure sales presentation.

At this presentation, Defendant represented to Plaintiffs that the Timeshare was a tax deductible investment that could be rented out or sold for a profit. Defendant represented that the maintenance fees could be paid for with rents from the Timeshare. Defendant represented that its sales agents would act as Plaintiffs' personal representatives who would find tenants to rent the Timeshare. Defendant pressured Plaintiffs into giving up their Monarch Timeshare in exchange for the Timeshare in question.

Defendant did not disclose to Plaintiffs their right to cancel, the extent of the debt they were incurring, and the time they would have to use the timeshare. Furthermore, after failing to have Plaintiffs sign the Truth in Lending documentation pursuant to 15 U.S.C. § 1601-1667f ("TILA"), Defendant told Plaintiffs that this had the effect of voiding the purchase and that Plaintiffs were therefore relieved of any obligations regarding the Timeshare. Plaintiffs almost immediately tried to cancel the purchase by informing Defendant shortly after the high pressure sales presentation that they did not want to the Timeshare. At that time, Defendant told Plaintiffs that since they did not sign the TILA, the transaction was void.

However, Defendants continued to bill Plaintiffs. As a direct and proximate result of Defendant's representations, Plaintiffs lost a considerable amount of money. Furthermore, Defendant deceived Plaintiffs as to the nature of the "Owners Update" meeting and the nature of the products Defendant pressured Plaintiffs into purchasing. Without these misrepresentations, Plaintiffs would neither have purchased the timeshare from Defendant, nor would they have suffered the losses herein described.

## CLRA (*Cal. Civ. Code* §17500 et seq.) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);
2.   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);
3.   Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

2

4.    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

5.    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above regarding the false advertising and statement of the terms of the Timeshare, Defendant violated subsections (5), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiffs to the recovery of actual damages, punitive damages, attorney's fees and costs.

## Unfair Competition Law (*Cal. Bus. Prof. Code* §17200)

The Unfair Competition Law, Cal. Bus. Prof. C. §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §17200 and §17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. Defendant made representations to Plaintiffs by luring Plaintiffs into a sales presentation, failing to disclose the nature and obligations of the product they were pushing, and telling Plaintiffs that their purchase was void for failure to sign TILA. This amounts to fraudulent and unfair business practices. Further, as noted above, Defendant's conduct violates numerous provisions of the CLRA, and thus said conduct constitutes unlawful business practices. Defendant's conduct entitles Plaintiffs to statutory penalties of $2,500 per violation, as well as actual damages, and attorney's fees and costs.

## False Advertising Law (*Cal. Bus. Prof. Code* §17500)

The False Advertising Law, Cal. Bus. Prof. C. §17500 prohibits engaging in advertising "which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading", and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant engaged in making untrue and misleading statements that violated the FAL. Defendant made misrepresentations in the form of false affirmative statements and material omissions as to the nature of the timeshare and the obligations accompanying a purchase thereof. Additionally, Defendant used hard sales tactics against Plaintiffs to induce them into entering the timeshare, while confusing Plaintiffs as to the actual terms. Defendant's conduct entitles

3

Plaintiffs to statutory penalties of $2500 per violation, as well as actual damages, and attorney's fees and costs.

**Demand**

Please contact our offices within twenty (21) days of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA notice provided herein.

Best regards,

Todd M. Friedman
Attorney at Law

4

## CERTIFICATE OF SERVICE

Filed electronically on this 11th day of January, 2017, with:

United States District Court CM/ECF system
Notification sent electronically on this 11th day of January, 2017, to:

Honorable Judge Virginia A. Phillips
United States District Court
Central District of California

Scott M Perason
pearsons@ballardspahr.com
Taylor Robert Steinbacher
steinbachert@ballardspahr.com
Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067


s/Todd M. Friedman
Todd M. Friedman